OSCAR J. GABSA AND DORIS GABSA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gabsa v. Commissioner
Docket No. 12824-80.
United States Tax Court
T.C. Memo 1982-48; 1982 Tax Ct. Memo LEXIS 698; 43 T.C.M. (CCH) 447; T.C.M. (RIA) 82048; February 3, 1982. Oscar J. Gabsa, pro se. William Shipley, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his reports, which is set forth below. FINDINGS OF FACT AND OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency of $ 652 in petitioners' 1977 Federal income tax. The issue for decision is what is the amount of the allowable theft loss deduction with respect to the theft of petitioners' silver coins during the year 1977. Some of the facts have been stipulated by the parties and are found accordingly. Petitioners resided in Lawndale, California, *699 when they filed their petition in this case. On July 13, 1977, silver coins purchased by Oscar J. Gabsa (hereinafter referred to as petitioner) in prior years were stolen from his residence. Insurance coverage of the coins was limited to $ 100. The coins had cost petitioner $ 4,358. Their fair market value as of the date of the theft was in excess of $ 7,000. Under section 165, [1] the amount of the allowable loss with respect to the theft of a taxpayer's property is limited to the lesser of the property's fair market value immediately before the theft, or the adjusted basis of the property, which, as applied to this case, means cost. Section 1.165-7(b)(1) and section 1.165-8(c), Income Tax Regs.; see Jenny v. Commissioner,T.C. Memo. 1977-142. Here, it has been stipulated that petitioner purchased the coins for $ 4,358. It has also been stipulated that the fair market value of the coins as of the date of the theft was well in excess of that amount. Understandably, petitioner feels his real loss is the appreciated value of the coins, not *700 their cost. However, as set forth above, the law is very clear that for tax purposes petitioner's deduction is limited to his cost, where, as here, that amount is exceeded by the fair market value of the stolen property. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩